## THE CITY OF INDIANOLA v. JONES.

**Municipal Corporation : PAROL CONTRACTS.** A municipal corporation may contract by parol through its agents, notwithstanding section 1134 of the Revision, which merely defines how the order to contract shall be made and evidenced when directed by the council, and is not a limitation on its power to contract otherwise.

### *Appeal from Warren Circuit Court.*

### WEDNESDAY, JULY 27.

THIS action was originally brought before a justice of the peace to recover the cost of constructing a sidewalk in front of a lot belonging to the M. E. church. There was a jury trial before the justice, resulting in a verdict and judgment for defendant. On appeal to the circuit court there was another jury trial, resulting there in a verdict and judgment for plaintiff for $60. The defendant now appeals to this court.

*Bryan & Seevers* for the appellant.

*Todhunter & Williamson* for the appellee.

COLE, Ch. J. — The plaintiff, to maintain the action, introduced and had sworn as a witness, John A. Andrews, who testified that he was a member of the city council of Indianola at the time the sidewalk in question was built, and was one of the committee on streets and sidewalks, and had authority to make arrangements to build walks. The witness was then asked, "What arrangement was made between you and defendant for the purpose of building a sidewalk in front of the lots belonging to the Methodist Episcopal church? state fully." The defendant objected to the question being answered, because such evidence was incompetent to prove a contract with the plaintiff; that plaintiff must first show by its records that such con-

City of Indianola v. Jones.

tract had been authorized by the city council. The objection was overruled and exceptions duly taken. The witness answered, in substance, that defendant wanted the walk built from his residence to his place of business, passing the lot of the M. E. church; that plaintiff was advised that payment therefor could not be enforced against the M. E. church lot; and that defendant agreed if the city council would order the walk built he would pay for it along the lot belonging to the church; that this was communicated to the city council, which thereupon passed the ordinance and built the walk, etc. The admission of this testimony is now assigned as error.

The city of Indianola is incorporated under the general incorporation act; and it is provided by that act (Rev. § 1134), that "on the passage or adoption of every by-law or ordinance, and every resolution or order to enter into a contract by any council of any municipal corporation, the yeas and nays shall be called and recorded." It is claimed by appellant's counsel, that every contract by the city must be made in the manner specified by the section just quoted. But this is not so. Municipal corporations, under our statute, may contract by parol through agents the same as individuals. *The City of Davenport* v. *The Peoria Marine & Fire Ins. Co.*, 17 Iowa, 276, and authorities there cited. The effect of the above section is to define how the order to contract shall be made and evidenced when directed by the council; but it is not a limitation upon its power to contract otherwise. The same principle was embodied by defendant in an instruction, which was refused, and rightly so. There was a direct conflict in the testimony upon the fact of defendant's agreement; but the jury have settled this by their verdict, and we see no ground for our interference with it, under the rule so often stated.

Affirmed.