DUNCOMBE v. THE CITY OF FORT DODGE.

38  281
f125 353

1. **Municipal corporation:** CONTRACT BY OFFICER. Municipal corpo-
rations may contract by parol through their duly authorized agents, and
such contracts cannot be changed without the consent of the parties to
be affected thereby.

2. ——: ——: APPLICATION. Defendant's council passed a resolution
ordering the public square to be graded, and plaintiff, under an agree-
ment with defendant's officers, advanced the money for the work, which
was done in a satisfactory manner. *Held*, that a subsequent resolution,
of which plaintiff had no notice, limiting the expenditure, would not
defeat recovery of an amount expended in excess of that limit.

*Appeal from Webster Circuit Court.*

WEDNESDAY, APRIL 29.

ACTION at law. There was a trial to the court without a
jury, and a judgment for defendant. Plaintiff appeals. The
facts fully appear in the opinion.

*J. F. Duncombe, pro se,* for appellant.

*A. J. Reilly,* for appellee.

BECK, J.—The judgment of the Circuit Court was rendered
upon the following facts, which are disclosed by the record
before us.

The plaintiff, a citizen of Fort Dodge, petitioned the coun-
cil of that city to grade the public square, a common within
its corporate limits, proposing, as the warrants of
the city were depreciated, in order to enable it to
do the work, to advance the money necessary for
the payment thereof, and receive therefor city warrants. There-
upon the council, being in session, accepted the proposition,
and adopted the following resolution.

1. MUNICIPAL corporations contract by officers.

" *Resolved,* That it is hereby ordered that the public square
be graded and put in a proper condition; the grade to be made
subject to the approval of the City Council." The Council
and Mayor, with the plaintiff, inspected the ground at the time
and agreed upon the work to be done, which was at once com-
menced, and prosecuted under direction of one of the Council,

who was also a member of the committee on streets and alleys. After the work was nearly completed, the Council adopted the following resolution: "*Resolved*, That the committee on streets and alleys be and the same are hereby authorized to make such improvements on the surface of the public square as they, in their judgment, may deem necessary, provided that the amount expended does not exceed the sum of one hundred and fifty dollars." Without any notice of this action, or objection from the Council or officers of the city, plaintiff paid the sum of $323 for the work as it progressed. A warrant for $150 was issued to the committeeman superintending the work, and by him given to plaintiff for his advances. The balance of the cost of the improvement defendant refuses to pay, and to recover it this suit was brought.

It is not denied that the city possesses the power to improve the public square in the manner it was done, under the arrangement with plaintiff, nor that the agreement with him, whereby he advanced the money and took warrants, exceeds its authority. No question of this kind is presented in the case. The defense made by the city is based upon the position that plaintiff's contract with the city is to be controlled by the resolution last adopted, and as his claim exceeds the limit of expenditure therein prescribed, he cannot recover.

It is insisted that the first resolution is not a contract; that the contract made with plaintiff was verbal and not adopted in the manner provided in Rev., § 1134. This statement may be admitted in as broad a sense as it is made. But the resolution was an expression of the will of the city that the work contemplated be done, and a sufficient authority for its officers and committeemen to undertake its performance. It was intended to direct the commencement and completion of the work, and was ample authority for a verbal contract between those charged with such duty, and plaintiff, or others, who should be employed to make the improvement. It differs in effect from the second resolution only in the matter of the limitation. Neither are to be regarded as contracts with the parties doing the work, both confer authority for the making of such contracts.

Under the first resolution, plaintiff expended money which was known to the proper officers of the city. He paid the workmen employed by its officers or agents, under a verbal contract between himself and the Mayor, Council and committeemen, all acting together. Surely this contract must be enforced, and the city required to perform its part.

In the absence of evidence establishing an express agreement, there is no difficulty in finding facts upon which the law will imply a contract on the part of the city to repay plaintiff for his outlay. As we have seen, the first resolution authorized the work to be done by the city officers. Any contract made by them with workmen, within the scope of their authority, was binding upon the city. A payment to the workmen by plaintiff with the consent of the city officers, the law will esteem a payment upon request of the city, and will imply a promise by the city to reimburse plaintiff.

We have held that a municipal corporation may contract by parol, through its agents, and that Rev. § 1134, does not take away this power. *The City of Indianola v. Jones*, 29 Iowa, 282. And it is plain that, in proper cases, the law implies contracts binding upon such corporations. See Dillon's Municipal Corporations, §§ 383, 384, 750, 751, and authorities cited. The defendant, having authorized the work, by the first resolution, which plaintiff paid for, ought, *ex equo et bono*, to reimburse him, and the law will imply a contract on its part to that effect.

It may be remarked that it is not pretended that the money paid by plaintiff was improperly applied, or that the work was not done to the approval and satisfaction of the city government.

It is needless to add that the subsequent resolution limiting the expenditure for the improvement could not affect plaintiff's rights arising under the prior action of the City Council. Corporations, no more than natural persons, can change their contracts without the assent of the parties to be affected thereby.

In our opinion the judgment of the Circuit Court is in conflict with the law; it is therefore

REVERSED.