THE VILLAGE OF DWIGHT

*v.*

CHARLES L. PALMER.

74   295
133  511

1. CONTRACT — *of village officer with the trustees, prohibited.* An officer of a village incorporated under the act July, 1872, in relation to cities and villages, is prohibited from making any contract with the trustees to do

work for the village, to be paid for out of the treasury, and any such contract is void, and such officer will be entitled to no compensation for any thing he may do under such contract.

2. Where a clerk of the board of trustees of an incorporated village contracted to publish certain ordinances for $300, which was rescinded before any work was done under it, and such officer then resigned his office, but the contract was never renewed after acceptance of his resignation: *Held*, that he was not entitled to compensation for any ordinances he may have published afterward, as it was done without authority.

APPEAL from the Circuit Court of Livingston county; the Hon. NATHANIEL J. PILLSBURY, Judge, presiding.

This was an action of assumpsit, by the village of Dwight against Charles L. Palmer. The declaration contained only the common counts for money had and received, etc. On a trial there was a verdict and judgment in favor of the defendant. The opinion of the court states the material facts of the case.

Mr. A. E. HARDING, for the appellant.

Mr. S. S. LAWRENCE, and Mr. L. G. PEARRE, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

The declaration in this case contains only the common counts. The pleas are: first, non-assumpsit; and second, *nul tiel corporation*.

The facts in this case are briefly as follows: On the 11th day of August, 1873, the village of Dwight entered into a contract with appellee, who was at that time the proprietor of the only newspaper published in the village, to publish the ordinances enacted by the board, which the appellee undertook to do for the consideration of $300. The same evening on which the resolution was passed, appellee, who was himself clerk of the board of trustees, and acting as such, presented to the president of the board three blank orders for his signature, which he signed, to be filled up as he supposed with the amounts of a like number of bills previously audited. That

night or the next morning, appellee filled up one of the blank orders with the sum of $300, the amount of his contract, and on presentation to the treasurer it was promptly paid. No part of the work had then been done, nor had his bill been audited, nor was there any agreement to pay for the work in advance.

The members of the board became dissatisfied with the conduct of appellee in drawing the money before any part of the work had been done. A meeting of the board was immediately called by the president, at which appellee was present. At that meeting it was proposed appellee should return the money which it is alleged he had wrongfully obtained, but this he declined to do. A resolution was then passed requiring him to give bond with sufficient security for the faithful performance of his contract. Appellee agreed to this proposition and had such bond prepared, but no one ever called for it, and consequently it was never delivered or accepted.

On the 15th of August the board of trustees held another meeting, at which the resolution authorizing appellee to print and publish the village ordinances passed on the 11th of August was rescinded, as was also the resolution of the board requiring security for the performance of the contract. Appellee at this meeting tendered his resignation as clerk, the consideration of which was laid over to the next regular session, which would be held on the 19th of the same month. At the next session of the board the resignation of appellee was accepted, to take effect on the 19th of August. Only a portion of the work had been done when the trustees undertook to rescind the alleged contract, and there had then been no number of the paper issued in which the ordinances could be published.

. This action was brought by the village to recover of appellee the $300 obtained under the alleged contract. The right of action is predicated upon the ground the contract with appellee, he being an officer of the village, was prohibited by law, and hence void.

38—74TH ILL.

The village of Dwight was organized under the general law in force July, 1872, in relation to the incorporation of cities and villages, which provides, "No officer shall be directly or indirectly interested in any contract, work or business of the city, or in the sale of any article, the expense, price or consideration of which is to be paid from the treasury, or by any assessment levied by any act or ordinance." This provision is made to apply to villages as well as to cities organized under that law.

The appellee, being himself a village officer, could make no contract with the trustees to do work for the corporation to be paid for out of the treasury, and hence the alleged contract for printing the ordinances was absolutely void. It was a work of supererogation on the part of the trustees to attempt to rescind it. It had no binding force at all, and whatever was done by appellee under it was done without any authority from the village.

The money was, therefore, unlawfully obtained. Appellee had no right to it. He was entitled to no compensation whatever from the village for any thing he may have done under the alleged contract while he was one of its officers. There is no pretense the board ever authorized him to do any work by way of publishing the ordinances, after his resignation was accepted on the 19th day of August. What the individual members of the board may have said to him on the street in relation to the matter, if they said anything, is of no consequence.

The contract was formally rescinded while appellee was an officer of the village, and was never renewed by the trustees after his resignation was accepted. If, therefore, appellee published the ordinances, he did it without authority, and cannot enforce payment from the village.

It seems to be insisted, that because the law requires the ordinances to be published in a newspaper, if one be printed in the village, and because appellee was the proprietor of the only newspaper then published in the village, this fact would in

some way render the contract valid. We cannot concur in this view. Appellee, if he desired to enter into any contract with the village authorities to do work for which payment was to be made out of the treasury, should first have tendered his resignation as a village officer. His contract would then have been valid; but while he continued to exercise the functions of an office he could make no lawful contract to do work that was to be paid for out of the treasury, or by an assessment under any act or ordinance of the village.

Appellee has received money out of the village treasury under an illegal contract, and under such circumstances as render it against the policy of the law for him to retain it.

The court should have given appellant's instructions without modification. Those given for appellee are in conflict with the views expressed in this opinion, and ought not to have been given.

For the reasons indicated the judgment will be reversed, and the cause remanded.

*Judgment reversed.*