GRIGGS v. KIMBALL ET AL.

1. **Board of Supervisors:** ALLOWANCE OF CLAIM: FRAUD. Where a claim against the county was examined by the board of supervisors and marked allowed by one of them, with the knowledge and consent of all, in accordance with the usual course of business of the board, it was *held* that the allowance was legal and bound the county, although no formal vote was taken or appeared of record.

2. ———: ———: ———. That the account was not stated with definiteness would not of itself be conclusive of fraud.

*Appeal from Audubon Circuit Court.*

FRIDAY, MARCH 24.

COUNTY warrants were issued in favor of the defendant, E. H. Kimball, who was county recorder, for the amount of three hundred dollars. The account or claim was presented to the board of supervisors and allowed by them, but there was no recorded vote of the board allowing the claim, as required by Sec. 321 of the Code. The plaintiff is a citizen and taxpayer of said county, and brings this action to enjoin the payment of the warrants, on the ground that they were illegally and fraudulently issued. An injunction was allowed, which, on the coming in of the answer supported by affidavits, the petition being likewise so supported, was dissolved and the plaintiff appeals.

*John M. Griggs*, for appellant.

The unlawful appropriation of corporate funds is fraudulent. (Dill. on Mun. Corp., §§ 728–34; *Lafayette v. Cox*, 5 Ind., 38; *Rice v. Smith*, 9 Iowa, 570.) Officers are presumed to have accepted their offices with a knowledge of and with reference to the law respecting their duties. (Dill. on

Mun. Corp., § 169.) An officer cannot claim extra compensation for official services and a promise to pay it is not binding. (Dill. on Mun. Corp., § 172; *Bauman v. Thompson*, 36 Iowa, 505.) The acts of the auditor in making the record or issuing county warrants are ministerial and any material departure from the statute will vitiate them. (*Hull & Argalls v. Marshall Co.*, 12 Iowa, 154; *Clark v. Des Moines*, 19 Id., 199; *Clark v. Polk Co.*, 14 Id., 257.) That the board of supervisors had been in the habit of allowing claims in an irregular manner will not justify like subsequent acts. (*Springer v. Clay*, 35 Iowa, 241.) Any misappropriation or wrongful use of corporate property is a fraud upon the rights of the corporators which equity will interfere to prevent. (High on Inj., § § 792–3.) In such case the taxpayer is entitled to an injunction. (*Rice v. Smith, supra; Perkins v. Wolf*, 17 Iowa, 228; *Mayor v. Gill*, 31 Md., 375; *New London v. Brainard* 22 Conn., 552; *Graham v. Horton* 6 Kan., 343.) Where the board of supervisors are seeking to misapply the county funds, injunction is the proper remedy. (*Colton v. Hanchett*, 13 Ill., 615.) Injunction will lie at the instance of the taxpayer to restrain unauthorized appropriations. (Dill. on Mun. Corp., § § 730–4.) A municipal corporation is not estopped, after a warrant is issued, to set up the defense of *ultra vires*, fraud, or want or failure of consideration. (*Webster Co. v. Taylor*, 19 Iowa, 117; *Clarke v. Des Moines, supra.*) *Certiorari* is not a remedy intended to discover or defeat fraud. (*Jordon v. Hayne*, 36 Iowa, 15.) If the auditor or board of supervisors acted without authority, then their action is a nullity. (*State v. Yeatman*, 22 Ohio St., 546; *People v. Lawrence*, 6 Hill, 244; *Keller v. Hyde*, 20 Cal., 593; *Taylor v. Dist. Tp. etc.*, 25 Iowa, 447; *Reichard v. Warren Co.*, 31 Id., 381; Freeman on Judgments, § § 518, 525.) Fraud is an extrinsic collateral fact which avoids all judicial acts. (*Wilhelmi v. Leonard*, 13 Iowa, 342.)

*J. W. Scott* and *Brown & Churchill*, for appellees.

Fraud and collusion, not being charged in the petition, became mere surplusage in the reply, and evidence is not

admissible to prove them. Fraud must be alleged and will not be inferred. (*Schofield & Co. v. Blind*, 33 Iowa, 175; *Lyman v. Cessford*, 15 Id., 232; *Hamilton v. Bishop*, 22 Id., 211.) The *onus probandi* falls upon the party alleging fraud. (*Oaks v. Harrison*, 24 Iowa, 179.) A parol agreement is binding upon the board. (*Baker v. Johnson Co.*, 33 Iowa, 151; *Davenport v. Peoria Marine and Fire Ins. Co.*, 17 Id., 283; *Indianola v. Jones*, 29 Id., 282.) The plaintiff is not such a party in interest as to be entitled to bring this action. (*Cornell Coll. v. Iowa Co.*, 32 Iowa, 522.) One taxpayer cannot bring an action in equity in behalf of himself and other tax-payers. (*Youngblood v. Sheriff, etc.*, Albany Law Journal, Oct. 23, 1875.) The record of the board cannot be impeached collaterally. (*Boston Turnpike Co. v. Pomfret*, 20 Conn., 500; *Taylor v. Harvey* 2 Pick., 403; *State v. Connor*, 5 Black., 325.) Any manner of passing upon the claim by which the purpose of the board was ascertained was sufficient. (*Striker v. Kelly*, 7 Hill, 9; *Smith v. Cleveland*, 17 Wis., 584.) The passing upon the claim was a judicial act; the making of the record was a ministerial one. (*Clark v. Polk Co.*, *supra*; *Long v. Boone Co.*, 36 Iowa, 66.) Acts of the board are judicial and conclusive until reversed by direct proceeding. (*Bennett v. Hetherington*, 41 Iowa, 142; *Baker v. Supervisors, etc.*, 40 Id., 226; *Smith v. Supervisors*, 30 Id., 531; *Ryan v. Varga*, 37 Id., 81; *Van Renssellaer v. Cattrell*, 7 Barb., 129; *Mooers v. Smedley*, 6 Johns. Ch., 28.) Unless a breach of trust can be satisfactorily established an injunction is rarely allowed to restrain the appropriation of corporate property to other than corporate purposes. (High on Injunc., § 761.)

SEEVERS, CH. J.—I. In the view taken of this case by the court it is immaterial whether the plaintiff has such a standing as will permit him to enjoin the payment of these warrants or not, and on that question no opinion is expressed, nor is the question determined whether he can enjoin the payment of warrants duly issued on an allowance by the board, for any other reason than fraud perpetrated in making such

allowance either by the party presenting the claim or the board.

II. A careful examination of the record fails to disclose any fraudulent conduct either by the defendant or the board of supervisors. There was, however, a failure to examine the account with that care and circumspection which should be exercised in passing upon all claims presented to the board. It may be said with truth that the record discloses a case of great carelessness. It is pretty clearly established that no vote was in fact taken, much less any recorded. But it is equally as clear that no objection was made to the claim by any member of the board; they each saw and inspected it, and it was marked allowed by one of them with the knowledge and consent of all, this being the usual and ordinary course with all claims. There was no secrecy observed in the presentation or allowance, but all was done openly and in the ordinary course of business before the board. That the defendant rendered some services upon which the claim could be based satisfactorily appears. It may have been a liberal, possibly a large, allowance for the services rendered, but, to say the least, it is a matter of grave doubt whether the court can revise the action of the board on a mere question of value. Certainly it cannot be done on the record before the court, the showing being too indefinite and uncertain, and, besides this, no such issue was tendered or tried.

III. It is claimed that the account was not sufficiently definite and certain, as required by Sec. 3843 of the Code. The fact that it was not would be no evidence of fraud, in the absence of any other suspicious circumstances; and it would be a harsh rule indeed to declare these warrants void, for the reason that the account on which they are based was not sufficiently definite and explicit. This is not a jurisdictional question. Section 321 of the Code is undoubtedly directory. No penalty is attached. The auditor might possibly refuse to issue the warrant without there was the required recorded vote. The claimant has nothing to do with the vote or the recording thereof. He presents his claim, ascertains that it has been allowed and gets his warrant. Under such

*[margin note: 1. BOARD of supervisors: allowance of claim: fraud.]*

*[margin note: 2. ——: ——: ——.]*

circumstances we cannot hold the warrant void. *City of Indianola v. Jones*, 29 Iowa, 282; Sedgwick on Statutory and Constitutional Law, 316–325.

AFFIRMED.