CASE 55—PETITION FOR MANDAMUS—NOVEMBER 22.

# Nunemacher v. City of Louisville, &c.

APPEAL FROM JEFFERSON CIRCUIT COURT, COMMON PLEAS DIVISION.

1. **VOID CONTRACT WITH CITY.**—Section 2768 of the Kentucky Statutes (part of the charter of cities of the first-class), renders void a contract between such a city and any person who is a member of the council, or between the city and any corporation which has a member of the council for one of its officers or paid employees. And when so construed the statute is merely declaratory of common law principles.

2. **SAME—MANDAMUS.**—The mayor of the city being authorized to reject any or all bids for printing, the plaintiff can not by mandamus compel the acceptance of his bid, there being a lower bid made by another, although an officer of the company making the lower bid is a member of the general council.

3. **SAME—INJUNCTION.**—While a citizen and taxpayer of the city

may enjoin the authorities of the city from paying out money on a void contract, yet that is not the relief sought by this action.

HELM & BRUCE FOR APPELLANT.

1. A contract can not be made between the city of Louisville and a corporation having one of its salaried officers at the time in the city council. It is prohibited by law and is void. (Kentucky Statutes, sec. 2768; Dillon on Mun. Corp., sec. 444; Smith v. City of Albany, 61 N. Y., 444; Village of Dwight v. Palmer, 74 Ill., 295; People v. Township Board of Overyssel, 11 Mich., 222, 225; Mayor of Macon v. Huff, 60 Ga., 221, 226; Port v. Russell, 36 Ind., 60; s. c., 10 Am. Rep., 5; City of Fort Wayne v. Rosenthal, 75 Ind., 156; Grand Island Gas Co. v. West, 45 N. W. Rep., 242; Weitz v. Independent District of Des Moines, 54 N. W. Rep., 70.)

2. Statutes should be so construed, if possible, as to effectuate their manifest purpose. (Blackstone, vol. 1, p. 61; Endlich on Int. of Statutes, sec. 29; Oates v. National Bank, 100 U. S., 239, 244; Inhabitants of Gray v. County Commissioners, 22 Atl. Rep., 377.)

3. Mandamus is the proper remedy in this case. (Civil Code, secs. 271, 477; Ky. Stats., secs. 2897, 2898; Gayle v. Owen County Court, 83 Ky., 51, 66.)

4. An individual taxpayer is entitled to the writ of mandamus in such a case as this. (2 Dillon Mun. Corp., secs. 865, 915, 921; Patterson v. Stevens, 14 Bush, 325; State, ex rel, v. Grace, 26 Pac. Rep., 383; s. c., 20 Ore., 154; Pumphrey v. Mayor of Baltimore, 47 Md., 145; s. c., 28 Am. Rep., 446; Union Pac. R. Co. v. Hall, 91 U. S., 255; Ferry v. Williams, 12 Vroom, 332; s. c., 32 Am. Rep., 224; People v. Collins, 19 Wend., 56.)

5. The question as to whether the contract is advantageous to the city is not to be considered. (Smith v. City of Albany, 61 N. Y., 444; People v. Township Board of Overyssel, 11 Mich., 222; Grand Island Gas Co. v. West, 45 N. W. Rep., 242, 245.)

JUDGE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

The validity of a contract between the city of Louisville and the Courier-Journal Job Printing Company is assailed in this case because a member of the general council of the city held an office for pay in the printing company at the time of the attempted making of the contract.

Section 6 of the statute for the government of cities of the

first class (Kentucky Statutes, section 2768), provides as follows:

"Section 6. Members of the general council shall hold their office for two years after the election. They shall be at least twenty-five years of age, and shall be housekeepers or owners of real estate in the city. They shall hold no other civil office. They shall not be directly or indirectly interested in any contract with said city, or in any application therefor, or a candidate for or hold any office or employment for pay in any company or corporation which holds or is an applicant for a contract with the city. Stockholders in corporations may be eligible, but shall not vote on or interfere, directly or indirectly, with any matters or question affecting a contract between such company and the city, or its right or duty under the same. No person, while in arrears to the city for money collected, shall be a member of the general council. Before any member-elect shall take his seat in either board he shall make an oath or affirmation that he has the qualifications and is free from the disqualifications prescribed herein."

The contention, upon one hand, is that the section refers only to the matter of eligibility; upon the other, that such a contract as is referred to is forbidden and is, therefore, void.

The section is found under the head of "Legislative Department," and on its face does not purport to affect the validity of contracts. It treats solely of the eligibility of members of the general council, and does not, in terms at least, declare void a contract in which a member, in spite of the section, may be interested. A rigid adherence, therefore, to the letter of the statute would lead us to hold that the making of such a contract would only render ineligible the interested member. Manifestly such a construction falls far short of effectuating the purpose of the law makers. It is

a matter of small concern, comparatively, who may or may not retain a seat in the council, but the public is vitally interested in the execution of the contracts of the city. If the retiring and interested member, upon becoming ineligible, leave behind him an enforceable contract, he is permitted to accomplish what he may have obtained his seat in the council for. It is proper to observe here that no suggestion is made that the member of the council who was in the pay of the contracting company had aught to do with making the contract involved in this case. That tribute to his integrity is paid by counsel assailing the contract. But it is not contended that this fact affects the question. In our opinion the effect of this section is to render void contracts between the city and any person who is a member of the council, or between the city and any corporation which has a member of the council for one of its officers or paid employees. When so construed it becomes, in fact, merely declaratory of common law principles on this subject.

Mr. Dillon, in his work on Municipal Corporations, says:

"Section 444. *Contracts with Municipal Officers.*—It is a well-established and salutary rule in equity that he who is entrusted with the business of others can not be allowed to make such business an object of pecuniary profit to himself. This rule does not depend on reasoning technical in its character, and is not local in its application. It is based upon principles of reason, of morality and of public policy. It has its foundation in the very constitution of our nature, for it has authoritatively been declared that a man can not serve two masters, and is recognized and enforced wherever a well regulated system of jurisprudence prevails. * * It is obvious that nothing can more tend to correct the tendency to abuse than to make abuses unprofitable to those who en-

gage in them, and to have them stamped as abuses in courts of justice."

In Village of Dwight v. Palmer, 74 Ill., 295, the statute simply provided that "no officer shall be directly or indirectly interested in any contract, work or business of the city, or in the sale of any article, the expense, price or consideration of which is to be paid from the treasury, or by any assessment levied by any act or ordinance," and did not provide in terms that such a contract should be void.

The appellee in that case was clerk of the board of trustees merely, and the proprietor of the only newspaper in the village. In declaring a contract void, made by the village and the appellee, to print the ordinances of the city, the court said: "Appellee, if he desired to enter into any contract with the village authorities to do work for which payment was to be made out of the treasury, should first have tendered his resignation as a village officer. His contract would then have been valid. But while he continued to exercise the functions of an office he could make no lawful contract to do work that was to be paid for out of the treasury, or by an assessment under any act or ordinance of the village."

To the same effect are the cases of Smith v. City of Albany, 61 N. Y., 444; People v. Township Board of Overyssel, 11 Mich., 222; Mayor of Macon v. Huff, 60 Ga., 221; City of Fort Wayne v. Rosenthal, 75 Ind., 156; Grand Island Gas Co. v. West, 28 Neb., 852; Weitz v. Independent District of Des Moines, 87 Iowa, 81.

In the case at bar the appellant, by his petition, sought by mandamus to compel the mayor of the city and its comptroller to reject the bid of the Courier-Journal Job Printing Company, for printing certain municipal reports, although that bid was the lowest made, upon the ground that it could

not be accepted, and to compel those officers to accept the appellant's bid because it was the next lowest.   Under the advertisement for bids, the mayor was authorized to reject any or all of them, and as it appeared that another was willing to do the work for a less price than the appellant was, his bid was properly rejected.   The manifest purpose of the action was to compel the city authorities to award the contract to the appellant, and, while he amended his petition by stating that he was a taxpayer and  citizen of  the city, he does not change or enlarge  his prayer for relief.   He does not now insist, however, on the right to have the contract awarded to himself.   We do not doubt the right of a citizen and taxpayer to enjoin the authorities of the city from paying out money on a void contract, but this is not such an action.   We approve the finding of the learned trial judge, both as to the construction of the section involved and the nature of the relief sought by the appellant.

