PETER FREDERICKS, RESPONDENT, v. THE BOROUGH OF WANAQUE, APPELLANT.

Submitted July 5, 1920—Decided November 15, 1920.

In the absence of a corrupt understanding or agreement of a contractor, with the member of a governing body of a municipality, voting for the contract, for the purpose of evading the provisions of the Crimes act, a resolution of the municipality, otherwise legal, is not rendered illegal by the subsequent action of the contractor in purchasing his material from a recognized source of supply, the proprietor of which happens to be a member of such governing body.

On appeal from the Supreme Court.

For the appellant, *Clifford L. Newman.*

For the respondent, *John O. Benson.*

The opinion of the court was delivered by

MINTURN, J.    The defendant borough, by resolution, authorized its street committee to procure speed signs, for erection upon the roads of the municipality, and also to have two snow plows built for use upon the highways. One of the committee, Mr. Riker, after consultation with the other members, directed the plaintiff to construct and place the sign boards, which in due course was done. They also directed the plaintiff to build the snow plows, and that he did, and delivered them as directed. No price was fixed for the work, and when plaintiff presented his bill the mayor objected to its payment, because one of the committee was engaged in the lumber business, and that plaintiff had purchased his lumber from him contrary to the provisions of section 32 of the Crimes act, which makes it a misdemeanor for a member of the governing body of any municipality to be interested in a municipal contract.

The District Court which heard the case nonsuited the plaintiff upon that ground, and the Supreme Court reversed that judgment. The basis for the contention is furnished by the fact that Mr. Riker, one of the committeemen, and who with the consent of his fellow members of the council let out the contract for the work to the plaintiff, was engaged in the lumber business, in the borough, and that plaintiff purchased some of the material for the work from Riker. There is no evidence in the case that the employment of the plaintiff was undertaken as the result of any understanding or agreement between Riker and the plaintiff, or that the materials cost the plaintiff more at Riker's yard than they could be procured for elsewhere; or that the borough is in any manner dissatisfied with the work, but on the contrary the borough.

has accepted the signs and plows, and has them in use. The argument, therefore, is reduced to the inquiry whether one who obtains a contract from a municipality, for public work, is impliedly bound as a condition to legal performance to refrain from purchasing materials for the execution of the work from one who happens to be a member of the governing body of the municipality. The cases of course are unanimous to the effect that the member of a municipal body, who enters into a corrupt contract forbidden by the act, is guilty of a misdemeanor, and that the contract itself is thereby void. *Siedler* v. *Freeholders,* 39 *N. J. L.* 632; *Atlantic City Water Works* v. *Read,* 50 *Id.* 665; *State* v. *Kuehnle,* 85 *Id.* 220.

But we are referred to no case which intimates that in the absence of a corrupt understanding or agreement of the contractor, with the member of council voting for the contract, for the purpose of evading the provisions of the Crimes act, a resolution of the municipality otherwise legal, is rendered illegal by the subsequent action of the contractor in purchasing his material from a recognized source of supply, the proprietor of which happens to be a member of the governing body which awarded the contract, and that the contract itself thereby becomes nugatory. The contention of the defendant quite obviously is resolvable upon the fallacious argument of conduct *post hoc* and not *propter hoc;* for manifestly the test of the legality of the contract must be determined as of the time when the resolution was passed, and not by the free act of the plaintiff in purchasing materials. If it was free of criminal taint, at its inception, the subsequent action of the contractor in executing the contract cannot relate back so as to invalidate it, unless such *ex post facto* action can be connected with a prior corrupt agreement or understanding with a member of the governing body, in pursuance of which the resolution was passed. As already intimated, there is no testimony of that character in the record, and for that reason the judgment of the Supreme Court must be affirmed.

*For affirmance*—THE CHIEF JUSTICE, SWAYZE, MINTURN, BLACK, KATZENBACH, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, JJ.   10.

*For reversal*—None.