## Wilson v. Smith.

(Decided June 25, 1926.)

### Appeal from Bell Circuit Court.

1. Municipal Corporations.—Evidence held to support finding that plaintiff to whom contract for sewer construction was let was only nominal party, and that councilman was real party.

2. Municipal Corporations—Contract for Construction of Sewer Held Invalid, where Contractor was Nominal Party, and Real Party in Interest was Councilman (Ky. Stats., Sections 2768, 3484).—Contract for sewer construction for municipality of the fourth class held invalid, in view of Ky. Stats., section 3484, when construed in view of section 2768, where person to whom contract was let was only nominal party and real party in interest was member of board of council of municipality, at time bid was received and contract let, and when most of the work was being done.

3. Municipal Corporations—Abutting Owner Held Not Estopped to Deny Validity of Contract for Sewer Construction though Fully

Executed where Councilman was Real Party in Interest.—Abutting owner held not estopped to deny validity of contract of municipality with contractor for sewer construction because real party in interest was member of city board of council though contract has been fully executed on part of contractor, and no fraud, collusion, or unreasonable prices were alleged.

CLEON K. CALVERT for appellant.

JAMES S. GOLDEN and JOHN HOWARD for appellee.

OPINION OF THE COURT BY JUDGE REES Affirming.

The board of council of the city of Pineville, a city of the fourth class, on September 2, 1921, passed an ordinance providing for the construction of a system of sewers along certain streets, the cost of construction to be apportioned on the owners of lots abutting on such streets. The mayor was directed to and did advertise for bids for the construction of the sewers and on September 24, 1921, the appellant was awarded the contract for the construction of the sewers, he being the only bidder, his bid being $1.68 per running foot.

The work was completed in January, 1922, and on September 16, 1922, was accepted by the board of council and on the same day it passed a resolution apportioning the cost of the sewers on the abutting property owners, the apportionment being made at the rate of 84 cents per front foot. Under the ordinance the city was to pay for the cost of construction at all street intersections, and this cost, which amounted to more than $2,000.00, was paid.

The appellee owned four lots of ground abutting 100 feet on the street along which one of the sewers was constructed and his apportionment amounted to $84.00. He refused to pay and the appellant filed suit in the Bell circuit court praying judgment for the sum of $84.00 and that he be adjudged a lien on appellee's property.

Appellee answered alleging that the appellant was only a nominal plaintiff and that one C. H. Marshall was the real party in interest; and that while the contract with the city of Pineville for the construction of the sewers had been signed by appellant as principal, that Marshall was the real contractor; and that Marshall at the time the ordinance providing for the construction of the sewers was passed, and at the time the bid was received and the contract let, and during most of the time that the work was being done, was a member of the board of

council of the city of Pineville and that, therefore, under section 3484 of Kentucky Statutes, the contract was void.

Proof was taken and the case submitted and the lower court entered a judgment dismissing the petition and from that judgment this appeal is taken.

The only depositions taken for appellant are those of C. H. Marshall and his own. From these it appears that Marshall is appellant's son-in-law; that appellant is a coal miner and had never been in the contracting business and had neither superintended nor done any work of the kind required under the contract. He owned no property, and at the time the contract was let, had made no arrangements to execute bond nor to secure funds or credit for the purchase of supplies needed or for the payment of labor that would be required. Marshall induced two men to sign as sureties appellant's bond to the city, which was for $3,500.00, but one of them required Marshall to sign a writing in which Marshall agreed to make good anything the surety might pay. Marshall purchased the sewer pipe in his own name and gave his personal note for $2,000.00 in payment. He also employed the laborers and paid them out of his own funds either in cash or in merchandise out of his store.

The records of the board of council of the city show that Marshall appeared at one of its meetings after his term of office had expired and asked the council to advance him $400.00 on the city's portion of the cost of construction and that he was allowed that amount as an advance payment. The city paid the note for $2,000.00 that Marshall had given in payment for pipe and these two sums represented approximately the amount due by the city on its portion of the work. The appellant in conversations with one or two of the witnesses indicated that he had no interest in the contract but that the contract really belonged to Marshall. Marshall was asked whether or not he had a conversation with Berry Howard a short time after the contract had been let in which he told Howard that he had bid in the contract in the name of I. L. Wilson, because somebody had to bid it in and that he had as well do it as anyone else. He said that he did not remember having such a conversation, but Howard testified that the conversation did occur a short time after the contract was let and that Marshall further told him that he bid in Wilson's name because he, Mar-

shall, was a member of the board of council and could not bid in his own name.

A number of witnesses testified as to conversations had with Marshall in which he told them that he was the contractor.

Appellant objected to this testimony but the court overruled the objection. Appellant does not discuss this in his brief, but excluding all such testimony there is sufficient evidence to support the finding of the lower court that appellant was only a nominal party to the contract and that Marshall was the real party in interest. The only question left to be determined is whether or not the contract in question is void. The pertinent part of section 3484 of the Kentucky Statutes is as follows: "Should any officer of said city be directly or indirectly interested as agent or principal in any contract with said city, or as surety on any such contract, he shall thereby vacate his office, and the contract, if entered into before said officer vacate his office, shall be null and void."

In the City of Winchester v. Frazer, 19 R. 1366, 43 S. W. 453, it was held that a contract between the city and a councilman was void and no compensation for services rendered under the contract could be recovered. Section 2768 of the Kentucky Statutes, which is a part of the charter of cities of the first class, provides that a member of the general council shall not be directly or indirectly interested in any contract with the city or hold any office or employment for pay in any company or corporation which holds or is an applicant for a contract with the city. This section does not on its face purport to affect the validity of contracts as does section 3484. In Nunemacher v. City of Louisville, 98 Ky. 334, the validity of a contract between the city of Louisville and a printing company was in question because a member of the general council of the city held an office for pay in the printing company at the time of the attempted making of the contract. The court, in speaking of section 2768, said:

"It treats solely of the eligibility of members of the general council, and does not, in terms at least, declare void a contract in which a member, in spite of the section, may be interested. A rigid adherence, therefore, to the letter of the statute would lead us to hold that the making of such a contract would only render ineligible the interested member. Manifestly

such a construction falls far short of effectuating the purpose of the law-makers. It is a matter of small concern, comparatively, who may or may not retain a seat in the council, but the public is vitally interested in the execution of the contracts of the city. If the retiring and interested member, upon becoming ineligible, leave behind him an enforceable contract, he is permitted to accomplish what he may have obtained his seat in the council for. . . . In our opinion the effect of this section is to render void contracts between the city and any person who is a member of the council, or between the city and any corporation which has a member of the council for one of its officers or paid employees. When so construed it becomes, in fact, merely declaratory of common law principles on this subject.''

This construction of section 2768 has been followed in Bradley & Gilbert Co. v. Jacques, 110 S. W. 836; Jacques v. City of Louisville, 32 R. 575; Byrne & Speed Coal Co. v. City of Louisville, 189 Ky. 346, 224 S. W. 883, and in many other cases construing similar provisions in statutes governing school boards, fiscal courts and other public bodies.

The appellant argues that, assuming the contract to have been void because of the interest of Marshall therein, the appellee ought not to be allowed to complain of it now, in the absence of any evidence of fraud or collusion or unreasonable prices, the contract having been fully executed on the part of the appellant. A reference to Byrne & Speed Coal Co. v. City of Louisville, *supra,* and Bornstein v. Louisville School Board, 137 Ky. 108, 122 S. W. 522, will furnish a complete answer to this argument. The provisions of the statute are wholesome and salutary and no exceptions should be made to permit any evasion of its terms.

Finding no error in the judgment it is accordingly affirmed.