O. D. WAYMAN, Appellant, v. CITY OF CHEROKEE, Appellee.

**MUNICIPAL CORPORATIONS:** Contracts—Interest of Councilman. The mere fact that a member of a city council has leased cement mixers to a contractor under an agreement that the rental shall be paid out of the profits arising from the use of such machinery creates no such interest in the councilman in a contract between the city and said contractor as invalidates the contract, even though the contract contemplated the use of said machinery in the execution of the contract.

Headnote 1: 28 Cyc. p. 653.

Headnote 1: 19 R. C. L. 922.

*Appeal from Cherokee District Court.*—B. F. BUTLER, Judge.

OCTOBER 25, 1927.

Action against the defendant city to recover on a contract for work and labor. Verdict for the defendant by direction of the court. Plaintiff appeals.—*Reversed.*

*Claud M. Smith,* for appellant.

*J. F. Loughlin,* for appellee.

STEVENS, J.—Appellant alleged in his petition that, during the months of September and October, 1924, he performed labor and furnished materials to appellee, at its instance and request, in the sum of $769.10, and that payment has been refused; and he demands judgment for the amount alleged to be due. The answer admits that the labor was performed and material furnished, as alleged, but denies that it was at the special instance and request of appellee. The answer further alleged that appellant is the son of J. D. Wayman, who was, at the time the work was done, a member of the city council, and that he has a financial interest in the account; that, if a contract was entered into, it was by appellant and J. D. Wayman, who acted wholly without authority, and in violation of his duty as a member of the council; that, before becoming a member of the city council, J. D. Wayman owned cement mixers and other equipment necessary for doing cement work; and that he leased the same to appellant for an agreed rental of $500 per year, to be paid out of profits earned. This was the equipment used by appellant in doing the labor in question. Appellant agreed to do the work for 15 and 20 cents per square foot, according to thickness of the cement laid.

It is conceded that J. D. Wayman had charge of street and sidewalk improvements for the city council, and that all contracts except the one in question made by him were approved; and the agreed price paid. Some of the former contracts were with appellant herein.

Some evidence was introduced, tending to show that the city council had instructed J. D. Wayman not to make further contracts for cement work or other improvements, as the funds available therefor were low, or exhausted, and that no further improvements would be made at that time. The city

marshal and one or more of the councilmen testified that they did not specifically instruct Wayman not to let further contracts, and others that they had said nothing to him about it; J. D. Wayman, that he was instructed to make no further contract. The court directed a verdict in favor of appellee, upon the ground that J. D. Wayman had a direct or indirect financial interest in the proceeds of the contract in question, and that it was for that reason illegal and unenforcible.

Section 5673, Code of 1924, forbids members of city councils to become interested, directly or indirectly, in any contract or job of work or material furnished or performed for any city or town; and the representations set out in Section 9928 are thereby made a part of all contracts of the character here involved. Contracts entered into by a member of a city council to perform labor or to furnish material are contrary to public policy, in violation of the statute, and void. *Bay v. Davidson*, 133 Iowa 688; *James v. City of Hamburg*, 174 Iowa 301; *Liggett v. Shriver*, 181 Iowa 260; *Town of Hartley v. Floete Lbr. Co.*, 185 Iowa 861; *Connolly v. City of Des Moines*, 200 Iowa 97; *Goldberg & Co. v. City of Cedar Rapids*, 200 Iowa 139.

The question in this case is one of fact, and not of law. No claim is made that the material furnished was defective, or that the labor was not well done, or that the contract price was not fair and reasonable. Except as to the contract for the payment of rental for the use of the cement mixer and other equipment, there is, at most, a conflict in the evidence as to any interest of J. D. Wayman's in the contract. The agreement between J. D. Wayman and appellant for the rental of the cement mixers, tools, and other equipment is not a part of the contract to do the work of the city. If the agreement had been entered into for the purpose of securing contracts with the city and for the division of profits, on contracts made therewith in pursuance thereof, the situation would be different.

Had the question been submitted to them, the jury might well have found from the evidence that J. D. Wayman had no other interest in contracts entered into by appellant and the city than such as may be implied from the oral understanding with his son that the rental should be paid out of profits earned. This arrangement, it is claimed, included all contracts for cement work entered into by appellant. If the facts are as

claimed by appellant, then the interest of J. D. Wayman was remote and incidental only, and constituted no part of the contract in question. Nor can it, with nothing more, be said that J. D. Wayman was directly or indirectly interested in the contract, within the meaning of the statutes cited. Whether the interest of J. D. Wayman in the contract was as claimed by appellant or as contended by appellee was a question of fact for the jury to decide, under proper instructions from the court.

While the record discloses some evidence that the city council instructed J. D. Wayman to let no more contracts, it is by no means conclusive. The evidence affirmatively shows that contracts for labor and material for street improvements were made for the city by him from time to time, and that he had authority to make them. No record was made by the city clerk of the contract in question nor of the alleged prior revocation of the authority of Wayman to make the same. The evidence is in dispute as to what was said or done. It was not necessary that the contract be in writing. *Duntz v. Ames Cemetery Assn.*, 192 Iowa 1341; *City of Indianola v. Jones*, 29 Iowa 282; *Duncombe v. City of Fort Dodge*, 38 Iowa 281; *Baker v. Johnson County*, 33 Iowa 151.

The direction of a verdict upon the record before us was erroneous.—*Reversed.*

EVANS, C. J., and FAVILLE, DE GRAFF, and KINDIG, JJ., concur.

WAGNER, J., takes no part.