## Commonwealth ex rel. Vincent, Atty. Gen., v. Withers.

(Decided Nov. 4, 1936.)

B. M. VINCENT, Attorney General, and HUBERT MEREDITH for appellant.

T. J. SPARKS and NEWTON BELCHER for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER— Affirming.

This is an action by the Attorney General, through local counsel, to have the appellee, T. B. Withers, declared a usurper in the office of a member of the board of education of Muhlenberg county, for the reason that he had forfeited his office. Sections 480, 483, 485, Civil Code of Practice; Tipton v. Commonwealth, 238 Ky. 111, 36 S. W. (2d) 855.

Section 4399-22 of the Statutes Supp. 1934 declares that if any member of a county board of education shall become interested in any contract for the sale to it of any supplies, for which school funds are expended, or in claims against the board, "his office shall without further action be vacant." To bring this condition of tenure to the notice of such an officer, and to accentuate its importance, he must, in addition to taking the constitutional oath of officers generally, take and subscribe to an oath containing the provision that "he will not, while serving as a member of such board, become interested, directly or indirectly, in any contract with or claim against said board." Section 4399-23, Kentucky Statutes Supp. 1934.

It is a salutary doctrine that he who is intrusted with the business of others cannot be allowed to make such business an object of profit to himself. This is based upon principles of reason, of morality, and of public policy. These are principles of the common law and of equity which have been supplemented and made more emphatic by the foregoing and other statutory enactments. Nunemacher v. City of Louisville, 98 Ky. 334, 32 S. W. 1091, 17 Ky. Law Rep. 933. In their application and operation it is impossible to lay down any definite rules defining the nature of the interest of the officer, or indicating the line between that which is proper and that which is unlawful. In general, the disqualifying interest must be pecuniary or proprietary by which he stands to gain or lose something. Falling within the principle are contracts with firms in which the member of the municipal body is a partner or a corporation of which he is an officer, or sometimes only a stockholder or employee. Byrne & Speed Coal Co. v. City of Louisville, 189 Ky. 346, 224 S. W. 883; Douglas v. Pittman, 239 Ky. 548, 39 S. W. (2d) 979. Furthermore, it is not material that the self-interest is only indirect or very small.

However, the interest is not sufficient to disqualify the officer if the opportunity for self-benefit is a mere possibility or is so remote or collateral, such as being only a debtor, that it cannot be reasonably calculated to affect his judgment or conduct in the making of the contract or in its performance. Dillon on Municipalities, sec. 773. Cf. Collingsworth v. City of Catlettsburg, 236 Ky. 194, 32 S. W. (2d) 982.

Bearing these conceptions in mind, we state and appraise the evidence which the trial court found not to prove the appellee guilty of offending the statute.

The appellee was at the time covered by the record a partner in the ownership and operation of a coal mine. The county superintendent had been authorized by the board of education to purchase coal for 81 schools, delivery to be at the several school houses. Five men, Sumner, Hope, Parham, Eaves, and Johnson, severally procured Withers to prepare their bids for certain schools. According to Withers, he simply typed and put them in neater form than the parties had their papers. They were simple letters stating the schools and prices submitted. Withers filed the bids with the superintendent. He and each of these men testify emphatically that Withers had not solicited them to make these bids, and that there was no understanding or agreement as to a division of profits or that they would purchase the coal or any of it from his mine. Eaves was a son of one of the partners in the mine. Only Johnson, Hope, and Sumner had previously been customers of the coal company.

Bates, the superintendent, testified that Withers asked to be and was present when the contracts were let. One of the other board members suggested that it would be all right. He was interested only in these five bidders and wanted them to get all the contracts they could to haul the coal. Withers testified he was present and only said to Bates that if the bids of these parties were as low or good as others, he would be glad to see them get some of the contracts, and nothing more.

Bates exercised his own judgment in letting the contracts to the lowest and best bidders, as he testified, except in one or two cases when he was influenced by Withers' interest. The schedule shows numerous bids were submitted. Of the 81 contracts made, Sumner had bid for six, but received none; Johnson had bid for two, and received one; Eaves had sought nine contracts, but secured only three. Hope made seven bids and was awarded one contract. Parham made seven bids and received two contracts. Of the four successful bidders, Hope did not buy any coal from Withers' company. The coal was sold to the other three at regular prices and on the same terms as to other customers.

Withers furnished the superintendent's secretary

with the information upon which the claims were made out on the form required. He then signed them as being correct. Payments were made direct to the several parties, who later settled in due course of business with the coal company for what they had purchased.

The mere fact that a contractor with a municipal board, without previous arrangement or agreement, saw fit to buy material or supplies from a member of the board does not render the contract vicious or ordinarily subject the officer to merited criticism or a forfeiture of his office. Fredericks v. Wanaque, 95 N. J. Law, 165, 112 A. 309; Finn v. State, 66 Ind. App. 432, 114 N. E. 9; Escondido Lumber, Hay & Grain Co. v. Baldwin, 2 Cal. App. 606, 84 P. 284; Wayman v. Cherokee, 204 Iowa, 675, 215 N. W. 655. The possibility of profit from a subsequent independent contract in the absence of inculpatory circumstances ought not to be regarded as having a corrupt influence upon the mind of the officer.

The only basis for a conclusion of guilt is an inference that the appellee's interest was covered up; that he reached his object and accomplished his purpose of profiting by the contracts through these bidders as secret agents or intermediaries, or by sharing with them. If that was the true state of facts, then the appellee violated the statutes, forfeited his office and became a usurper. Jacques v. City of Louisville, 106 S. W. 308, 309, 32 Ky. Law Rep. 574; Bornstein v. Louisville School Board, 137 Ky. 108, 122 S. W. 522; Wilson v. Smith, 215 Ky. 504, 284 S. W. 1102.

Such is the appearance of the situation presented by the record. It is quite significant that the appellee asked to and did sit in with the superintendent in letting these contracts; also the sequence that four of the five men, the objects of the appellee's concern, were awarded contracts. Countervailing this, however, is the fact that the appellee was the chairman of the board and as such was charged with responsibility for the entire matter, for the delegation of power to the superintendent was, to say the least, questionable. The results may be looked to, also, as bearing upon the matter of guilt or innocence. One of the five obtained no contract. The other four submitted bids to supply 25 schools with coal, and were awarded only seven contracts. One of those four purchased his supply from others than the appellee's company.

34

The activity of the appellee in this matter is not commendable and approaches very close to offending the law. But the statute is highly penal. Bare implication or inference that under the stimulus of expected contingent profit an officer acted wrongfully, in opposition to positive testimony and several contradicting circumstances, should not prevail or justify the court in applying the statute. Great regard must be had also for the finding of fact by the trial court that appellee had not committed the prohibited act.

Wherefore, the judgment is affirmed.

Whole court sitting.