**James B. McCLOUD and Bank of Cadiz, Appellants,**

v.

**CITY OF CADIZ, Kentucky, et al., Appellees.**

Court of Appeals of Kentucky.

March 4, 1977.

Chappell R. Wilson, Cadiz, for appellants.

Mary G. White, Cadiz, for appellees.

Before HAYES, LESTER and PARK, JJ.

HAYES, Judge.

This suit involves alleged irregularities under KRS 61.280 and KRS 424.260. Appellants filed a class action suit to contest certain actions taken by the mayor and council of Cadiz, which they contend violate these statutes. The following fact situations form the basis of the contest:

(1) The Mayor of Cadiz, W. J. Hopson, is a stockholder and employee of an insurance company which had handled all of the city's insurance business. This business was awarded without advertising for bids.

(2) The City of Cadiz did business, in the form of service and parts with an automobile dealership whose owner was a city councilman, Wilbur Boggess. The city also sought to purchase a vehicle from this officer; however, this deal was rescinded.

(3) The city purchased service and supplies from another councilman, W. D. Burke.

(4) The city deposited all of its money in a bank, Trigg County Farmers Bank, in which city officials served as directors. This business was awarded without advertising for bids.

(5) The city leases a lot from an attorney, Mary G. White, who does certain legal work for the city.

With the exceptions of the bank deposits and parking lot lease, all of these activities have ceased. Appellants sought to enjoin all present and future contracts which violate KRS 61.280, to force the city to comply with KRS 424.260 in its banking and insurance, to recover all monies paid out as a result of these violations and to oust these officials who had participated.

As a result of certain family relationships with several of the defendants, the Trigg County Circuit Judge disqualified himself from the case. C. R. Walden was appointed Special Judge and proof was taken by depositions. After briefs had been submitted, Judge Walden made the following determinations:

(1) Appellants had the right to prosecute this suit as a class action.

(2) The parking lot lease did not violate KRS 61.280 since the attorney was not a city officer.

(3) Appellants were not entitled to an injunction because it was shown that the violations had ceased and there was no evidence that they would continue.

(4) The bank deposits did not violate 61.280.

(5) Insurance and banking does not require advertising for bids pursuant to KRS 424.260.

(6) Appellants had abandoned claim for damages.

It is from these conclusions that appellant prosecutes this appeal. This court, however, can find no error in the conclusions reached by the trial judge.

Basically there are three issues presented by the facts:

I. To what relief, if any, are appellants entitled as a result of past violations of KRS 61.280—injunction, damages or removal from office?

II. Do deposits in a bank where city officers are directors constitute a violation of KRS 61.280?

III. Is advertising for bids required by KRS 424.260 before money can be deposited by the city or insurance purchased by the city.

KRS 661.280 is designed to prevent self-dealing by city officers. The conduct which it proscribes and the penalties it provides are set out as follows:

> No officer of a city of the fifth or sixth class shall be interested, directly or indirectly, in any contract with the city of which he is an officer, or in doing any work or furnishing any supplies for the

use of the city or its officers in their official capacity. Any claim for compensation for work done, or supplies or materials furnished, in which any such officer is interested, shall be void, and, if audited and allowed, shall not be paid by the treasurer. Any wilful violation of the provisions of this section shall be grounds for a removal from office, and shall be a misdemeanor, and punished as such.

■ The only violations of this statute which this court can determine from the facts presented are the parts and services purchased from the councilmen and the insurance obtained from the company where the mayor is employed. The parking lot lease does not constitute a violation of KRS 61.280. Under KRS 87.160 and KRS 87.170, Mary White cannot be a city officer since she is not a resident of Cadiz. As to the banking activities, these do not violate KRS 61.280 for the reasons which will be discussed later in this opinion.

■ Appellants, however, must prove more than the existence of violations of KRS 61.280 before this court can award them relief. They must establish, additionally, that they are entitled to relief and what that relief should be. This burden has not been met by appellants in any of the three forms of relief they have sought—injunction, damages and ouster.

■ An injunction is inappropriate in this case since the established violations of KRS 61.280 consist of activities which have ceased. In order to establish their right to an injunction, there must be a clear showing of right to the relief and a showing of urgent necessity, *Kentucky Utilities v. Carlisle,* 279 Ky. 585, 131 S.W.2d 499. In the absence of an ongoing violation of this statute appellants cannot establish either of these two requirements. Furthermore, this court is not empowered to enjoin possible future violations, *Waddle, et al. v. City of Somerset,* 281 Ky. 30, 134 S.W.2d 956. In denying a request for an injunction of future unlawful expenditures of money by the City of Somerset, the Court of Appeals made the following statement in *Waddle*:

In other words, the court is asked to exercise its extraordinary restraining authority to compel the city authorities to obey the law in the future, and to not depart therefrom, notwithstanding the law itself imposes such duty, and which cannot be made more mandatory by a superinduced order from the court even if it possessed any such authority, but which it does not.

■ Appellants are also unable to establish their claim for damages. It is apparent from the record that appellants have done little to advance this claim and even omitted the claim from the brief submitted to the trial judge. In their appellate brief appellants have cited no authority which would establish their right to such relief and have not made any showing of undue profit. KRS 61.280 is directed towards present violations and does not mention recouping money from past violations. The trial judge, therefore, was correct in holding that appellants had abandoned their claim for damages.

■ The final form of relief sought by appellants is the ouster of those officials who took part in these violations. Appellants, however, are not the proper parties to bring such an action. The law is well settled in Kentucky that a private individual cannot bring an action for ouster of a public official unless that private individual has a claim to that office. *Wegener v. Wehrman,* 312 Ky. 445, 227 S.W.2d 997; *Attorney General v. Howard,* 297 Ky. 488, 180 S.W.2d 415; *Jenkins v. Congleton,* 242 Ky. 46, 45 S.W.2d 456 and *Amberson v. Fowler,* 180 Ky. 857, 203 S.W. 322.

■ As stated above, it is this court's opinion that the deposit of money by a city of the fifth class with a bank where certain city officers are directors does not violate KRS 61.280. In the case of *Commonwealth ex rel. Vincent, Attorney General v. Withers,* 266 Ky. 29, 98 S.W.2d 24, the Court of Appeals was faced with determining when a conflict of interest of a public official is not unlawful. The court set forth the following guidelines:

However, the interest is not sufficient to disqualify the officer if the opportunity for self-benefit is a mere possibility or is so remote or collateral, such as being only a debtor, that it cannot be reasonably calculated to affect his judgment or conduct in the making of the contract or in its performance.

Clearly, this case falls within that guideline. Any benefit that the city officers might have received from the lending use of such money is too speculative and remote as to suggest a conflict of interest.

■ There is, however, an additional reason supporting this court's conclusion. Statutes such as KRS 61.280 are designed in part to protect the value of goods and services received by the public. In a government regulated activity such as banking there can be no question as to value received. There is, therefore, no opportunity for imposition on the public.

■ The final issue presented involves the purchase of insurance and the banking activities. Appellants contend that the city council, pursuant to KRS 424.260, should have advertised for bids before procuring such services. Appellants, however, cite no authority to substantiate their position. KRS 424.260 provides, in effect, that no city may make a contract for materials, supplies or equipment, or for contractual services other than professional, involving an expenditure of more than $2,500.00 without first making newspaper advertisement for bids. Appellees argue that banking and insurance are not the kinds of contractual services contemplated by KRS 424.260. Citing an attorney general opinion as authority, appellees claim that the contractual services covered by KRS 424.260 are those involving personal service of a manual or mechanical nature. This court is in agreement with that conclusion. In addition, the generally uniform rates involved in both banking and insurance as well as the professional nature of these activities support the conclusion that the City of Cadiz was not required to comply with KRS 424.260 before securing these services.

Although this court affirms the decision of the lower court, this opinion is not to be construed as an approval of these past violations of KRS 61.280. It is the hope of this court that the city officers of Cadiz will continue to be aware of this statute and will act according to its guidelines.

All concur.