## Arms & Short v. Denton, et al

(Decided December 15, 1925.)

### Appeal from Cumberland Circuit Court.

1.   Municipal Corporations—Lease of Wharf to Firm of which Marshal is Member Held Void as Contract with City—"Officer."— Under Ky. Stats., section 3616, a marshal is an officer of a city,

and as such a lease, by partnership of which he is member, of a public wharf from city, is against public policy, under section 3632, and void both as to him and his partner.

2.   Municipal Corporations—Contract Between Officer and City Against "Public Policy."—Acts against public policy include all acts or contracts tending clearly to injure public health, morals, confidence in administration of law, or to undermine security of individual rights, so that a contract between an officer and city in violation of Ky. Stats., section 3632, is against "public policy."

W. T. OTTLEY and C. R. Hicks for appellants.

J. W. KINNAIRD for appellees.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

Burkesville is a city of the fifth class. It is located on the Cumberland river at a point where that stream is navigable. The city owns and has a public wharf, with the exclusive privilege of operating or leasing the same to others in the corporate limits. It has been letting this franchise to the highest bidder after due advertisement, and in 1924, the term having expired, advertised the franchise for sale and the same was sold, appellants, Arms & Short, becoming the purchasers for the sum of $2,700.00 for a term of five years. Immediately thereafter Arms & Short, a partnership, complied with the terms of their bid and took possession of the wharf and began to operate it.

This suit was commenced by them against Denton and Smith to obtain an injunction restraining and prohibiting Denton and Smith, and each of them, from running or operating a private wharf and shipping point within the corporate limits of the city of Burkesville during the life of the franchise granted to appellants, Arms & Short, the petition alleging all the facts concerning the advertisement and letting of the franchise, the purchase by Arms & Short, their qualification and rights under the purchase; and, further, that the appellees, Denton and Smith, had established and were operating a private wharf in competition with the public wharf in violation of appellants' rights. Appellees, Denton and Smith, answered and denied the right of appellants, Arms & Short, to an exclusive franchise to operate a public wharf in the city of Burkesville, and denied the right of the city of Burkesville to operate an exclusive franchise or to let an exclusive franchise or shipping point within the

city limits to another. Further pleading, Smith and Denton averred that they were the owners of a plot of ground on the river front next to the public wharf on which they were receiving logs, lumber and staves for the purpose of shipping same by boat on the river, but further pleaded as excuse that the public wharf was too small and would not accommodate their cargoes. Several other defenses were alleged in separate paragraphs of the answer. The fourth paragraph of the answer reads, in part, as follows:

> "The title to said pretended franchise is void for the reason that the plaintiff, W. B. Arms, who claims to be one of the joint owners of said alleged franchise, is and was at the time of his alleged purchase of same one of the board of officers of said town, and an interested party in the ordinance, and by laws of said town and is now and was at the time the city marshal of said town, and for that reason his pretended purchase of the said alleged franchise is void."

A general demurrer was interposed to the answer and especially to the fourth paragraph thereof, but overruled by the court. The cause was then submitted upon the pleadings, exhibits and records of the board of trustees of the town of Burkesville upon the question only as to the injunction asked by plaintiffs, and the lower court being advised overruled plaintiff's motion for an injunction, and dismissed the cause. From that judgment this appeal is prosecuted by Arms & Short.

Section 3632, Kentucky Statutes, is a part of the charter of cities of the fifth class and reads:

> "No officer of such city shall be interested, directly or indirectly, in any contract with such city, or in doing any work or furnishing any supplies for the use of such city or its officers in their official capacity; and any claim for compensation of work done, or supplies or materials furnished, in which any such officer is interested, shall be void, and if audited and allowed, shall not be paid by the treasurer. Any wilful violation of the provisions of this section shall be a ground for removal from office and shall be deemed a misdemeanor and punished as such."

It is upon this section of the statutes that appellees, Denton and Smith, rely to show the invalidity of the

franchise contract let by the city of Burkesville to Arms & Short, and appellees insist that Arms, the chief of police and marshal of the city of Burkesville, was an officer of such city within the meaning of section 3632, and, therefore, inhibited from having or acquiring any interest, directly or indirectly, in any contract with that city. This argument is attempted to be answered by appellants, Arms & Short, asserting that the marshal is not an officer of the city within the meaning of section 3632, appellants saying that the fifteen sections of the statutes next preceding section 3632 provide that the pound master, street superintendent, engineer, weigher and physician, city clerk, city attorney, mayor, board of council, all, are officers of the city, but that the marshal is not. However, appellants overlooked section 3616 of Kentucky Statutes, which provides: ''The government of said cities (fifth class) shall be vested in a mayor, and city council, to consist of six members; a police judge, a treasurer, a city attorney, a clerk, a marshal, an assessor, and such subordinate officers as are hereafter provided for.'' From this section of the statutes it clearly appears that the marshal is an officer of the city of the fifth class, and section 3616 must be read in connection with section 3632 providing no officer of the city of the fifth class shall be interested directly or indirectly in any contract with the city.

It is also insisted by appellants that the object to be attained by the statutes, section 3632—the saving of public officials from the temptation of contracting with the city, selling to it supplies at exorbitant prices and making other contracts to their advantage as against the city— has no application to a situation like that presented by this appeal, where the marshal, a mere ministerial officer, with another, has bid in a franchise and paid the contract price and there is nothing further to be done by the marshal as an official, with respect to the franchise through the balance of the term. The record shows, however, that the marshal is the chief peace officer of the city, and that he has many ministerial duties to perform on behalf of the city, some of which relate to the wharf, and being an interested party in the franchise, his interests are adverse to that of the city, thus making the contract against public policy. Public policy is defined to include and embrace all acts or contracts which tend clearly to injure the public health, the public morals, the public confidence in the purity of the administration of

the law, or to undermine that sense of security of individual rights, whether of personal liberty or of private property, which any citizen ought to feel. 6 R. C. L. 712. The same text says: "It is no doubt correct to say that while public policy forbids the enforcement of an illegal or immoral contract, it is equally insistent that those which are lawful and contravene none of its rules shall be enforced, and not held invalid on a bare suspicion of illegality." Here a positive statute has been violated. There is no escape from the conclusion that the statute was intended to prevent any officer of a city from entering into a contract for the benefit of himself as an individual with the city. Appellant, Arms, a member of the partnership of Arms & Short, entered into a contract with the city from which he no doubt expected to make a profit while he was marshal of the city, a public officer of that municipality. This was clearly against public policy, and the trial court properly overruled the general demurrer of appellants to the fourth paragraph of the answer pleading the invalidity of the contract because made by the city with one of its public officials.

Should it be insisted by appellant, Short, a member of the firm of Arms & Short, that the contract was not invalidated as to him, he not being a public official, it will be sufficient to say that the contract was let by the city of Burkesville to the firm of Arms & Short, and being vicious in part, it is wholly invalid, for it would be utterly impossible to separate the good from the bad, that part of the contract which was against public policy and that which was not. The record shows that both appellants, Arms & Short, bid in the franchise and began to and have since that time jointly operated the wharf as a business out of which they made or hoped to make a profit. Such a defense would be unavailing. For the reasons indicated the judgment is affirmed.

Judgment affirmed.