## Beshear, et al. v. City of Dawson Springs, et al.

(Decided April 20, 1926.)

## Appeal from Hopkins Circuit Court.

1. Municipal Corporations—Member of Council Held Not Shown to be Interested in Contract for Street Improvements (Kentucky Statutes, Section 3632).—Evidence held not to show that member

of city council was interested in contract for street improvements so as to render it void under Kentucky Statutes, section 3632, in that he was a partner in concern to' which part of contract was sublet.

2. Municipal Corporations—Evidence Held Not to Show that Council in Awarding Contract for Street Improvements, Required Bidders to Reimburse Contractor for Work Under Prior Void Contract (Kentucky Statutes, Section 3632).—Evidence held not to show that city council, in awarding contract for street improvements, violated Kentucky Statutes, section 3632, requiring bidding for street improvements to be competitive, in that they required bidders to reimburse contractor for work done by him under prior void contract.

3. Municipal Corporations—Bids on Condition that Contractor would Not Accept Contract for Less than all of Work Held Not to Render Contract Invalid as Without Competition.—That contractor, in submitting bids on various streets to be improved, did so on condition that it would not accept contract for less than all of work to be done, held not to render award of contract to him invalid, in that his bid was unlawful and destroyed competition, where ordinance which authorized improvements was valid, and contracts were advertised as required, and awarded to lowest and best bidder.

C. J. WADDILL for appellants.

CHAS. G. FRANKLIN and J. A. JONSON for appellees.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE— Affirming.

In May, 1924, the city council of Dawson Springs, Kentucky, a municipality of the fifth class, enacted an ordinance directing that certain streets be improved at the expense of the abutting property owners. A contract was let for the work, but it was concluded that the ordinance and contract were void and the work was stopped before but little had been done. Subsequently and in September, another ordinance was enacted providing for the improvement of certain of the city's streets, and a contract was awarded thereunder to N. E. Stone, doing business under the name of Stone Construction Company. Appellants, who own lots upon streets so directed to be improved, thereupon instituted this action to enjoin the prosecution of the work and to prevent liens being asserted against their property for their portion of the cost of the improvement. A motion was made and heard before the judge of the Hopkins circuit court for a tempo-

rary injunction, which was refused by that court, and thereafter motion was made before Judge Gus Thomas, of this court, for a temporary injunction. The members of the eastern division of this court sat with Judge Thomas in considering the motion and overruled it. Undeterred appellants prepared the action for final trial, and, upon the hearing before the chancellor, it was adjudged that they were not entitled to the relief they sought and their petition was dismissed. They prosecute this appeal from that judgment.

In all essential particulars the questions now presented to this court by the appeal are the same that were presented upon the motion for a temporary injunction, and appellants do not seem to have brought into the record any new facts of sufficiently controlling effect to change the conclusion reached by the members of this court who considered the motion for a temporary injunction.

It is insisted, first, that the evidence shows that one of the council who awarded the contract was pecuniarily interested therein and that, therefore, under section 3632, Kentucky Statutes, the contract was void. The difficulty in sustaining that contention grows out of our inability to reach the same conclusion from the evidence that appellants have. The contract was awarded by the city council to the Stone Construction Company. It is not contended and none of the evidence herein suggests that any member of the city council was interested in any way in the Stone Construction Company. It is insisted, however, that the Stone Construction Company sublet the contract for the concrete structures under this contract, and that J. D. Eli, a member of the city council, was a partner in the concern to which that contract was sublet; and that the Stone Construction Company sublet the contract for grading and placing the surface material to one Van Troop, and that Eli was also a partner with Van Troop in that subcontract. On the question of fact thus raised the chancellor found against appellants. Mr. Story, to whom the contract for the concrete structures was sublet, and Mr. Eli, both testified positively that Eli had no interest in that contract. It does appear from the testimony that prior to his undertaking to do that work Story and councilman Eli had engaged in concrete construction work in partnership and owned a concrete mixer together. They both swear, however, that before the work

was undertaken in the city the partnership was dissolved and Story purchased from Eli his interest in the concrete mixer. Their testimony in that particular was corroborated by the cashier of the bank with which they did business, who testified that the settlement between them was made in his presence and their bank account adjusted in accordance with the settlement made when Eli sold out to Story. Some witness, who worked for Story, testified that he was paid by Eli and Story's check. That testimony, however, is accounted for by the testimony of the banker that when the partnership was dissolved and Story purchased Eli's interest therein there was on hand a check book that had been printed for Eli and Story, and that he suggested that Story use those checks before having a book printed for himself. He testified that the checks were signed by Story alone.

Van Troop and Eli both swore positively that the latter had no interest in Van Troop's subcontract to do the grading and surfacing of the streets. No evidence inconsistent with that testimony is found in the record. Eli and Van Troop appear to have been partners in a contract on one of the state highways in Hopkins county, but that was wholly separate and apart from the work within the city. On these questions of fact, our reading of the record leaves us with the same conclusion arrived at by the chancellor, and nothing conclusive is found inconsistent with the chancellor's judgment to require its reversal.

We do not even reach the question as to whether, if it had been shown that Eli, a member of the city council, was pecuniarily interested in a subcontract under the Stone Construction Company, that fact would invalidate the contract for the entire street improvement let to the Stone Construction Company, owned solely by N. E. Stone, who is not a member of the city council.

It is next insisted that the evidence shows that the contract was collusive and fraudulent. That is merely a second attack from the same position, another way of making the same attack.

It is insisted that the city officials nullified the statutory provision that bidding for street contracts must be competitive by publicly and privately announcing that whoever should receive this contract would be required to reimburse Stone for the work done by him under the void contract let in May. A number of different streets

of the city were to be improved under the ordinance in question. Some four or five property owners with property located on one particular street prepared and submitted a bid for the construction of that street alone. The one of them who for himself and his copartners prepared and submitted that bid testified that the mayor told him that if his company got the contract they would be required to pay Stone for the work he had already done on that street. The mayor denied that he did so. If it should be conceded that the mayor made that statement to that prospective bidder, it does not seem to have had the effect of preventing that bid being submitted, because it was submitted. Nothing in the ordinance or advertisements with reference to the letting of this contract indicated or suggested that the successful bidder would have to pay for the work already done. No other testimony is found in the record that it was suggested to any prospective bidder that if awarded the contract he would be compelled to pay Stone for the work done by him. By two or three witnesses who were present at the meeting of the city council when the bids were opened and considered, when the subject was suggested by the question propounded by attorney for appellants, it was stated that the mayor said something about the bidders paying Stone for the work done by him, although none of them were positive as to what it was the mayor said or just when and in what connection he said it. The mayor testified that when the bids had been opened and compared and considered and it had been determined by the council at that meeting to award the contract to the Stone Construction Company, he remarked that he was glad Stone got the contract because it would have been only right if some other bidder had procured the contract for him to pay Stone for the work already done by him. No evidence found in the record would authorize us to upset the finding of the chancellor on this question of fact.

It is insisted that because the ordinance directing this street improvement to be made provided that each street should be a separate unit, the bid made by Stone Construction Company was unlawful and the city council was without authority to award the contract to it, because while he bid on all of the streets his bid contained the condition that he would not take any of the work unless it should all be let to him. That position is not tenable, and the fact that the Stone Construction Company bid contained the condition that he would not accept a contract

for less than all of the work did not have a tendency, as appellants insist, to destroy the competitive bidding for this street work. No other bidder was controlled in the slightest degree by Stone's bid. It had no tendency to prevent any or as many others as desired from bidding on any or all of the streets to be improved. The validity of the ordinance under which this contract was let is not questioned. It is not contended that the letting of the contract was not advertised, as is required by law. It is not contended that whosoever would might not have bid on this street construction work. It is merely contended that because the Stone Construction Company, in submitting its bids on the various streets to be improved, did so upon the condition that it would not accept a contract for less than all of the work to be done, rendered that bid unlawful and destroyed competition. The chancellor properly held that feature of the bid submitted by the Stone Construction Company to be unobjectionable and to play no part in determining the validity of the contract and whether or not the work under it should be enjoined. It is not and from the record cannot seriously be contended that the Stone Construction Company was not the lowest and best bidder for this street improvement. The ordinance being valid, the letting of the contract having been advertised, as is required, and the contract having been awarded to the lowest and best bidder, the essential requisites of the statutes on the question seem to have been complied with, and the chancellor properly denied appellants an injunction to prevent the contract being performed, and the judgment can only be affirmed.

Judgment affirmed.