## Collingsworth et al. v. City of Catlettsburg et al.

(Decided November 25, 1930.)

MARTIN & SMITH for appellants.

V. A. DINKLE for appellees.

OPINION OF THE COURT BY JUDGE LOGAN—Affirming.

This is an appeal from a judgment and order of sale entered in the Boyd circuit court in April, 1928, wherein the appellees were adjudged a lien against certain real estate belonging to appellants in the city of Catlettsburg for a street paving assessment in the sum of $3,084.15, with interest from July 14, 1924. Only one question is relied on for reversal in brief filed on behalf of appellants. It is contended that Wayne Damron, who was a member of the city council at the time the contract was let for the paving of the street out of which the assessment arose, was interested in the contract.

The evidence is to the effect that the contract was made with the Concrete Highway Construction Company, a partnership which was composed of J. D. French, A. Williams, and Wayne Damron. The proof is to the effect that at the time the contract was made the partnership was composed of J. D. French and A. Williams. Mr. Damron was not a member of the partnership at that time. His term of office expired in December, 1923, and he became a member of the partnership in February, 1924. After the contract was let in October, 1923, a part of the work was done before Mr. Damron became a member of the partnership. After he became a member of the partnership the work was completed. He had loaned to the partnership a large sum of money prior to his becoming a member thereof, and he had loaned at least

a large part of the sum while he was a member of the city council.

Section 3484, Ky. Stats., contains this provision:

"Should any officer of said city be directly or indirectly interested as agent or principal in any contract with said city, or as surety on any such contract, he shall thereby vacate his office, and the contract, if entered into before said officer vacates his office, shall be null and void."

This section is a part of the charter of cities of the fourth class to which Catlettsburg belongs. The language of the section is clear. If Mr. Damron, a member of the city council, was directly or indirectly interested as agent or principal in the contract or as surety on the contract, he vacated his office at the time the contract was made, and the contract was null and void if entered into before he vacated his office. There is not sufficient proof in this record to establish that Damron was interested in the contract at the time it was made. All of the direct evidence is to the contrary, and there is no evidence on which an inference might be based that he was interested other than that which shows that he loaned the firm money. It appears that he is a man who makes it a practice to loan money, and the fact that he had loaned money to this firm does not show that he was interested, either directly or indirectly as agent, principal, or surety, in the contract.

It has been often decided by this court that a contract entered into between any person, firm, or corporation and a city while the person, firm, or corporation, or the members thereof, is a member of the board or council of the city, or an officer of the city forbidden to enter into such a contract, is null and void. Byrne & Speed Coal Co. v. City of Louisville, 189 Ky. 346, 224 S. W. 883; Bradley & Gilbert v. Jacques, 110 S. W. 836, 33 Ky. Law Rep. 618; Bornstein v. Louisville School Board, 137 Ky. 108, 122 S. W. 522; Arms & Short v. Denton, 212 Ky. 43, 278 S. W. 158; Nunemacher v. City of Louisville, 98 Ky. 334, 32 S. W. 1091, 17 Ky. Law Rep. 933; City of Winchester v. Frazer, 43 S. W. 453, 19 Ky. Law Rep. 1366; Wilson v. Smith, 215 Ky. 504, 284 S. W. 1102; Wilson v. Blanton, 226 Ky. 518, 11 S. W. (2d) 127. The evi-

dence in this case does not bring it within the rules announced in the cases cited.

While Damron was not a member of the partnership at the time the contract was made, yet he became a member before the work was completed, and naturally the question arises as to whether the section under consideration prohibited his becoming interested in the contract after it was made. To say the least, such conduct is not to be commended, although it may be excused in extreme cases, but the question before us is whether the contract was rendered void because Damron became a member of the partnership with whom the contract was made after he went out of office, and before the contract was fully performed. 44 C. J. 95 thus states the rule governing in such cases:

> "The interest must exist at the time the contract is made. If at the time a contract is executed no officer of the city has a pecuniary interest in it, it is valid and it will not be invalidated merely because an officer subsequently acquires an interest therein, provided there is no evidence of any conspiracy or criminal understanding between the contractor and the city officer at the time the principal contract was entered into."

In the case of Beshear v. City of Dawson Springs, 214 Ky. 102, 282 S. W. 764, the court had a question before it somewhat similar. In that case the contract was made with the Stone Construction Company, and that company sublet a part of the contract to a firm of which one of the members of the city council was said to be a member. The court found from the evidence in that case that the member of the city council was not a member of the partnership to whom any part of the contract was let, and the opinion shows that the court did not determine whether the contract would have been invalidated if the member of the city council had been a member of a firm to which a part of the contract was sublet. An analogous case is that of Fredericks v. Wanaque, 95 N. J. Law, 165, 112 A. 309, wherein it was held that, in the absence of a corrupt understanding, or agreement, with the contractor with a member of the council voting for the contract, a contract was not rendered illegal because the contractor thereafter purchased supplies from a member of the council. As the statute under con-

sideration only provides that such a contract shall be null and void if entered into before the officer vacates his office, we have reached the conclusion that the instant contract was not rendered nugatory because Damron became a member of the partnership that completed the work after his term of office expired.

It is insisted, however, that the intervening petition filed by the firm admits that Damron was a member of the partnership at the time the contract was let, and that the pleading cannot be contradicted by oral evidence. It is a general rule that the allegations of a pleading may not be contradicted by oral evidence. Sievers et al. v. Martin et al., 82 S. W. 631, 26 Ky. Law Rep. 904; Nicola Bros. Co. v. Hurst et al., 88 S. W. 1081, 28 Ky. Law Rep. 87; Nolan v. Jeffries, 196 Ky. 691, 245 S. W. 273. An examination of the intervening petition which was filed discloses that it contains the allegation that the partnership was composed of A. Williams, Wayne Damron, and J. D. French. This intervening petition was filed on the 23rd day of June, 1927. The petition alleged ''that at all times hereinafter mentioned they were engaged in the general contracting business and as such did considerable construction work for the plaintiff, City of Catlettsburg, Kentucky, by improving certain streets in said city.'' This is followed by the allegation that they are interested in the controversy and are necessary parties ''in this that the money sought to be recovered in this action belongs and is payable to your petitioners, that the real estate sought to be sold is done for the purpose of collecting street paving assessments, as described in plaintiff's petition, due and payable for street paving for the City of Catlettsburg, Kentucky, the plaintiff hereon, and which was done by your petitioners and that they are entitled to the money sought to be collected,'' etc.

The allegation that the petitioners in the intervening petition were partners ''at all times hereinafter mentioned'' is not an admission that they were partners at the time the contract was entered into unless there is something found further along in the petition to connect them with the partnership as it existed when the contract was made. The intervening petition contains the allegation that the suit had been instituted for the purpose of collecting street paving assessments due and payable for

street paving for the city of Catlettsburg and which was done by the petitioners, and that they are entitled to the money sought to be collected. The allegation that they were entitled to the money sought to be collected does not contain an admission that they were partners at the time the contract was made, but the allegation that the work was done by the petitioners, coupled with the allegation that they were partners at the time mentioned in the petition, might be construed to mean that they were partners when all of the work was done, or that the petitioners did all of the work. It would require a strict technical construction to uphold the contention that the intervening petition is an admission that Damron was a partner at the time the contract was made. The allegation that the work was done by the petitioners does not necessarily mean that Damron was a partner when the contract was made, as the partnership existed without Damron as a partner when the contract was made and the allegation is susceptible of the construction that the work was done by the partnership, as the petitioners were the partners.

The intervening petition was unnecessary and added nothing one way or the other to the proceedings. There was no necessity for the filing of it. Section 3574, Ky. Stats., contains the provision that such a lien may be enforced by an action brought in the name of the city, or the contractor entitled to the proceeds. The suit may be brought in either the name of the contractor or the name of the city. After this suit had been instituted in the name of the city, there was no reason to file the intervening petition, and, as it had no place in the pleadings, it could be treated as no more than a paper admitting that Damron was a partner at the time of the making of the contract if it is susceptible of that construction. It does not amount to the dignity of a pleading; therefore, the rules about contradicting a pleading do not apply, and, as it may be treated only as an admission in writing by Damron, there is no rule of law that prevented his denying the truth of the statement. It could be used for no purpose other than to impeach him as a witness.

On the whole case we perceive no substantial error, and the judgment is therefore affirmed.